| | |
|---|---|
| 1 | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| 2 | Jessica R. Lohr, Bar No. 302348 |
|   | jessica.lohr@troutman.com |
| 3 | 5 Park Plaza, Suite 1400 |
|   | Irvine, CA  92614 |
| 4 | Telephone:  858.509.6044 |
|   | Facsimile:   858.509.6040 |
| 5 | Attorneys for Defendant |
| 6 | Regional Acceptance Corporation |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LISA VENZKE, | Case No. |
| Plaintiff, | **DEFENDANT REGIONAL ACCEPTANCE CORPORATION'S NOTICE OF REMOVAL** |
| v. | |
| REGIONAL ACCEPTANCE CORPORATION and DOES 1-50, inclusive, | |
| Defendants. | |

DEFENDANT'S NOTICE OF REMOVAL

- 1 -

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant Regional Acceptance Corporation ("Regional Acceptance" or "Defendant"), by counsel, hereby removes this action from the Superior Court for the State of California, Los Angeles County.

Removal is proper because this Court has federal question jurisdiction under 28 U.S.C. § 1332. In support thereof, Regional Acceptance states as follows:

## I.   Background

1. On or about April 7, 2020, Plaintiff Lisa Venzke ("Plaintiff") filed a civil complaint (the "Complaint") against Regional Acceptance in the Superior Court for the State of California, Los Angeles County, as Case No. 20STLC03152.

2. A copy of the Complaint and state court documents are attached hereto as **Exhibit A**.

3. Plaintiff asserts various claims against Regional Acceptance purportedly arising under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA") based on telephone calls purportedly made to Plaintiff's cellular telephone and allegedly made with an automatic telephone dialing system ("ATDS"). Ex. A at ¶¶ 7-8.

4. Regional Acceptance was served with the Complaint on July 1, 2020.

5. This Notice of Removal is being filed within thirty days of service of the Complaint on Regional Acceptance, making the action timely removed pursuant to 28 U.S.C. § 1446(b), (c)(1).

6. Regional Acceptance denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, this matter is removable to this Court based upon federal question jurisdiction and supplemental jurisdiction.

**II.     Removal is proper under federal question and supplemental jurisdiction.**

7.   Plaintiff's claims arise out of telephone calls purportedly made to Plaintiff's cellular telephone and allegedly made with an automatic telephone dialing system. Ex. A at ¶¶ 7-8.

8.   This Court has original jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9.   Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.   Federal question jurisdiction exists over this action because the allegations asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the TCPA. *Id.* at ¶¶ 18-33.

11.   This Court has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367, which states that the district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .." Plaintiff's state law claims include the Rosenthal Fair Debt Collection Practices Act (Ex. A at ¶¶ 34-38) and the Unfair Competition Law (Ex. A at ¶¶ 39-43). These claims all arise out of the same case or controversy as Plaintiff's TCPA claim. Neither raise a novel or complex issue of state law and the state law claims do not substantially predominate over the TCPA claim.

### III. Venue

12. Venue is appropriate in this Court because this district and division encompass the Superior Court for California, Los Angeles County, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. Notice

13. Pursuant to 28 U.S.C. § 1446(d), a copy of Regional Acceptance's Notice of Filing Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of California, Los Angeles County.

14. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

15. As of the date of this removal, Regional Acceptance has not filed a responsive pleading to the Complaint. Regional Acceptance reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend of supplement this Notice of Removal.

16. If any questions arise as to the propriety of the removal of this action, Regional Acceptance requests the opportunity to present points and authorities with argument in support of its position that this case is removeable.

WHEREFORE, Regional Acceptance removes this action from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California, Western Division.

Dated: July 30, 2020        TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Jessica R. Lohr*
Jessica R. Lohr
Attorney for Defendant
Regional Acceptance Corporation