# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/07/2020 06:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal, Deputy Clerk
20STLC03152
Case 2:20-cv-06842-MRW   Document 1-1   Filed 07/30/20   Page 2 of 19   Page ID #:6

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Serena Murillo

LAW OFFICE OF RICHARD COBERLY
RICHARD COBERLY SB # 242093
969 S. Village Oaks Dr., Suite 105
Covina, CA 91724
Telephone: (626) 335-6844

Attorney for Plaintiff,
Lisa Venzke

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES – POMONA COURTHOUSE

| | |
|---|---|
| LISA VENZKE, an individual, and DOES 1-100, <br><br> Plaintiff, <br><br> vs. <br><br> REGIONAL ACCEPTANCE CORPORATION, and DOES 1-50, Inclusive, <br><br> Defendants. | Case No. 20STLC03152 <br><br> COMPLAINT FOR: <br><br> 1. NEGLIGENT VIOLATION OF THE VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq. <br> 2. WILLFUL VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq, <br> 3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT <br> 4. VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ. |

- 2 -

### PRELIMINARY STATEMENT

1. Lisa Venzke ("Plaintiff") brings this Complaint for damages, injunctive relief, punitive damages and any other available legal or equitable remedies, resulting from the illegal actions of Regional Acceptance Corporation ("RAC" or "Defendant") in negligently and/or willfully contacting Plaintiff on Plaintiff's residential telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

COMPLAINT

Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. In addition, Plaintiff seeks recovery against RAC's as an individual consumer for RAC violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as *amended*, as well as the Rosenthal Fair Debt Collections Practices Act.

## JURISDICTION AND VENUE

3. This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Plaintiff is located in the County of Los Angeles and the contact made by Defendant occurred in the County of Los Angeles.

4. Plaintiff is a resident of the city of Covina and County of Los Angeles, California.

5. Plaintiffs are informed and believe, and thereon allege that Regional Acceptance Corporation is a North Carolina corporation duly organized in the state of North Carolina and at all times relevant authorized to conduct business in the County of San Bernardino, California.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50 are unknown to Plaintiffs, who therefore sue the DOE Defendants by fictitious names. Plaintiffs pray leave to amend this Complaint to show their true names and capacities when they have been ascertained.

## FACTUAL ALLEGATIONS

5. Starting in or about May 28, 2016 through at least April of 2016, Defendant engaged in a systematic disregard for all rules and requirements relating to telephone contact as well as fair debt practices by a debt collector.

6. 4/8 or 4/9/16 female rep noted cease and desist on the account.

7. In or around May 2016, Defendant began calling Plaintiff's primary cell phone ending in

3506 demanding payment on a loan. The phone calls were made by Defendants "robo" calls wherein a recording would be left on Plaintiff's voicemail. In addition, Defendants unlawfully contacted Plaintiff through email on numerous starting on or about October 29, 2016 with the contact continuing until at least December 2016. Plaintiff demanded on numerous occasions including but not limited to October 29, 2016 to stop harassing her with phone calls and emails. Her demands fell on deaf ears as the multiple daily phone calls and emails continued.

8. Defendant called Plaintiff's primary telephone ending in 3506 starting in at least May 2016 and continuing for at least one year from telephone numbers 866-380-9730, 866-372-3868 and 800-909-6467; while Plaintiff did answer some of these calls in particular, each call was made via a automated message robo-caller. The calls demanded a return phone call from Plaintiff. At no time did Plaintiff did not authorize said robo calls to occur.

9. Often RAC would make multiple calls in one day. In particular, on or about May 28, 2016, June 23, 2016, June 24, 2016 and December 17, 2016 Plaintiff received at least two calls on each day from RAC. The multiple calls in one day constitute a clear violation of the fair debt collections act.

10. On or about January 5, 2016, Plaintiff spoke with RAC customer service representative named Ryan. Ryan asked whether Plaintiff would authorize RAC to contact her via robo-call. Plaintiff indicated **NO.** Following that refusal to allow the use of automated caller, Plaintiff was contacted via robo-call at least 5 times. Specifically, the calls were made on April 5, 2016 at 11:54 a.m. and 11:56 a.m.; April 6, 2016 at 12:44 p.m., 8:03 p.m. and 8:54 p.m. The second two calls were clearly outside of the hours in which debt collection calls are allowed to be made.

11. All calls placed by Defendant to Plaintiff utilized an —automatic telephone dialing system "ATDS" as defined by 47 U.S.C. § 227(a)(1).

12. These calls made by Defendant to Plaintiff's telephone utilized an artificial or prerecorded voice (see 47 U.S.C. § 227(b)(1)(B)) and a number of the calls, at least 15, were made **after** Plaintiff demanded that Defendants stop contacting her.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by

47 U.S.C. § 227(b)(1)(B). 19. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1)(B).

14. In addition to the illegal automated telephone calls Plaintiff was incessantly contacted via email by RAC. Beginning in October 2016, Plaintiff was contacted via telephone as well as email. The emails appeared to be automated and requested that Plaintiff call RAC.

15. Plaintiff responded to the emails by indicating a payment had been made and demanding that RAC cease contact via email. Specifically, on October 29, 2016 Ms. Venzke responded to an RAC email by requesting that RAC "Stop harassing" her. On October 31, 2016 she responded to an email by requesting that RAC "REMOVE" her from its contact list. RAC did not do so and emails continued into at least December 2016.

16. Defendants' representatives provided conflicting advice as to how to pay off the remainder of the loan. When Ms. Venzke followed the most practical advice of making monthly payments the result was a negative impact upon her credit.

17. In addition, despite Plaintiff making each and every monthly payment, Defendants, without justification, issued derogatory reports to the various credit agencies. The improper reporting caused damage to Plaintiff's credit and reputation.

### FIRST CAUSE OF ACTION

### Knowing and/or Willful Violation of TCPA, 47 U.S.C. § 227 ET SEQ.

### (Against All Defendants)

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. On or about January 5, 2016 Plaintiff responded "NO" to Defendant's request to use an automated "robo" caller in order to contact Plaintiff.

20. Defendants then proceeded to continue to contact Plaintiff via the automated robo caller on numerous occasions including at least five times on April 5 and 6, 2016. As well as ten times between May 28, 2016 and December 17, 2016.

21. In addition, Plaintiff was also contacted via email by Defendant. Specifically, on or

COMPLAINT
4

about October 29, 2016 Plaintiff received an email from RAC to which she responded by demanding that RAC stop harassing her. The emails and phone calls continued. On October 31, 2016 Ms. Venzke received an email from RAC to which she demanded that RAC "REMOVE" her from the email list. RAC did not and this failure to abide by Ms. Venzke's requests constitutes a willful violation of the TCPA.

22. As a result of Defendant RAC's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

24. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### Negligent Violation of the TCPA U.S.C. § 227 ET SEQ.
### (Against All Defendants)

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. As shown above, RAC made robo-calls to Plaintiff's primary phone number. The phone calls were often made multiple times on the same day. Plaintiff indicated, via email and via telephone conversation, that she did not authorize the contact.

32. As a result of Defendant RAC's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks at least $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

33. Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### Violation of the Rosenthal Fair Debt Collection Practices Act
### (Against All Defendants)

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Plaintiff is a consumer and the obligation between the parties is a debt owed pursuant to the subject notes and trust deeds and is a consumer debt pursuant to the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

36. Defendant is an auto loan company that is in the business of collecting and processing auto loan payments.

37. The representative of Defendants made harassing phone calls and sent harassing emails to Plaintiff despite Plaintiff's cease and desist demands. As shown above, phone calls were made after business hours, multiple times in one day and in short increments of time with the intent to harass Plaintiff.

38. As a proximate result of RAC's violations of the Rosenthal Act, Plaintiff is entitled to actual and statutory damages, attorney's fees and costs, and such other relief as the court determines is due.

### FOURTH CAUSE OF ACTION
### Violation of Business and Professions Code § 17200 et seq.
### (Against All Defendants)

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. Plaintiff has suffered injury in fact and lost money and property as a result of the unlawful, fraudulent and unfair practices of a business entity as demonstrated in paragraphs 3-9 and 17-80 above.

### Unlawful Business Acts

41. Plaintiff is informed believes and alleges that DEFENDANTS have violated the TCPA and Rosenthal Fair Debt Collection Acts as fully described above.

COMPLAINT
6

### Fraudulent Business Acts

42. The Defendants falsely communicated that Plaintiff had to refinance the remaining amount existing after her automobile loan was paid.

43. Defendants also gave Plaintiff other pieces of advice such as demanding full payment and yet other representatives told her to just keep making her monthly payments.

44. Every month Defendants would then report late payments though the balance of the car itself was paid off.

45. The actions of the Defendants named in this Complaint were a substantial factor in causing harm to Plaintiff in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant as to **all causes of action**, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Other and further relief as may be just and proper.

DATED: April 7, 2020

LAW OFFICE OF GLENN E. STERN

BY: _____
RICHARD COBERLY
Attorney for Plaintiff, Lisa Venzke

COMPLAINT
7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>04/07/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: G. Villarreal  Deputy |
| PLAINTIFF(S):<br>Lisa Venzke | |
| DEFENDANT(S):<br>Regional Acceptance Corporation | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER:<br>20STLC03152 |

Case is assigned for all purposes to the judicial officer indicated below. Notice given to Plaintiff / Cross-Complainant / Attorney of Record on ___04/07/2020___.

| | ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|---|
| | Serena R. Murillo | 26 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By G. Villarreal_____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.
**PRIORITY OVER OTHER RULES**: The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.
**CHALLENGE TO ASSIGNED JUDGE**: To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.
**TIME STANDARDS: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)**
Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:
**COMPLAINTS**: All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.
**CROSS-COMPLAINTS**: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)
**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.
**NOTICED MOTIONS**: All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservations. All motions should be filed in the clerk's office.
**EX PARTE MATTERS**: All ex parte applications should be noticed for the courtroom.
**UNINSURED MOTORISTS CLAIMS**: Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

LACIV ____ 001 (Rev. [03/17)
LASC Approved 09-04

2018-SJ-008-00

**FILED**
Superior Court of California
County of Los Angeles

APR 18 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Department 94 (Non-Collection Cases) | ) FIRST AMENDED STANDING ORDER<br>) (Effective as of April 23, 2018)<br>)<br>) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018 STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 94.

1. PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE,</u> AS MANDATED IN THIS ORDER.

2. The Court sets the following trial date in this case in Department 94 (7th Floor, Room 723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

<u>TRIAL:</u> Order to Show Cause Re: Failure to File Proof of Service: 04/11/2023
Non-Jury Trial: 10/05/2021
Date:_____ at 8:30 a.m.

1
**FIRST AMENDED STANDING ORDER**
CIVIL LIMITED JURISDICTION CASES CALENDARED IN DEPT. 94 (NON COLLECTION CASES)

## SERVICE OF SUMMONS AND COMPLAINT

3. The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u> The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

```
┌─────────────────────────────────────────┐
│        UNSERVED PARTIES DISMISSAL DATE  │
│                                         │
│           _____        │
└─────────────────────────────────────────┘
```

5. No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

6. All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section. All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

7. <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to www.lacourt.org, select "Civil" Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and then type the case number in the box and click "Search."

### EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and served in accordance with C.R.C., Rules 3.1201-3.1207. All ex parte application fees must be paid by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

### JURY FEES

9. The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

### STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 94. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

### TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the date of trial, the parties shall bring with them to Department 94 a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

    1) Printed copies of the Current Operative Pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);

    2) Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, Rule 3.57;

    3) Joint Statement of the Case (if a jury trial);

///

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: April 18, 2018

DEBRE K. WEINTRAUB
Supervising Judge, Civil
Los Angeles Superior Court

2020-SJ-005-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
    Corena Albino

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Departments 25 & 26 (Non-Collection Cases) at the Spring Street Courthouse | ) THIRD AMENDED STANDING ORDER<br>) (Effective as of February 24, 2020)<br>)<br>)<br>) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure (C.C.P.), the California Rules of Court (C.R.C.), and the Los Angeles County Court Rules (Local Rules), the Los Angeles Superior Court (LASC or Court) HEREBY AMENDS AND SUPERSEDES THE NOVEMBER 13, 2019, SECOND AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENTS 25 & 26.

1. PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE</u>, AS MANDATED IN THIS ORDER.

2. The Court sets the following trial date in this case at the Spring Street Courthouse in the Limited Jurisdiction Department as reflected in the *Notice of Case Assignment:*

<u>TRIAL</u>:
Date:_____ at 8:30 a.m.

1

## SERVICE OF SUMMONS AND COMPLAINT

3. The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint</u>. The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

_____

5. No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

All regularly noticed pretrial motions will be heard in the courtroom the case is assigned to on Mondays, Tuesdays, Wednesdays, and Thursdays at 10:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System accessed via the "Divisions" tab at the top of the webpage, and by selecting "Civil". All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

6. Tentative Rulings may be posted on the Court's website no later than the day prior to the hearing. To access tentative rulings, parties may go to www.lacourt.org, select "Civil" from the "Divisions" tab at the top of the webpage, then select "Tentative Rulings," and type the case number in the box and click "Search."

### EX PARTE APPLICATIONS

7. Ex parte applications must be noticed for 1:30 p.m. in the courtroom the case is assigned to and filed and served in accordance with C.R.C., rules 3.1201-3.1207. All electronic filers must submit the application and fees by 10:00 a.m. the day before the ex parte hearing. Any ex parte applications exempt from electronically filing, must be submitted by 11:00 a.m. the day of the hearing, at the filing window on the first floor of the Stanley Mosk Courthouse.

### JURY FEES

8. The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint or as otherwise provided by C.C.P., § 631, subds. (c)(2).

### STIPULATION TO CONTINUE TRIAL

9. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be provided to the assigned courtroom. A proposed order shall be lodged along with the stipulation.

### TRIAL

10. Parties are to appear on the trial date ready to go to trial and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the date of trial, the parties shall bring with them to the courtroom where the case is assigned a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

   1) Printed copies of the current operative pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);
   2) Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, rule 3.57;
   3) Joint Statement of the Case (if a jury trial);

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge, Civil

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

JUN 29 2016

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Rizalinda Mies

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS (Effective July 11, 2016) |

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016

CAROLYN B. KUHL
Presiding Judge

1
GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

**Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests**

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil Jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests (URL). While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

Ծանուցագիր սահմանափակ իրավասության քաղաքացիական գործերով թարգմանչական ծառայության խնդրանք ներկայացնելու համար նախատեսված առցանց դարպասի առկայության մասին

Լոս Անջելեսի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ է տրամադրում սահմանափակ իրավասության քաղաքացիական վարույթների՝ անգլերենի սահմանափակ իմացություն ունեցող կողմերին։ Իսպաներենի թարգմանչի առկայությունը բոլոր դատարաններում ապահովված է Ուստի, իսպաներենի թարգմանչի հայտ նախորոք ներկայացնել անհրաժեշտ չէ: Եթե իսպաներենի թարգմանչի կարիք ունեք, ապա խնդրում ենք այդ մասին Ձեր լսման օրը տեղեկացնել դատարանի դահլիճի անձնակազմին: Անգլերենի սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի այլ մեկ այլ լեզվով, կարող են թարգմանչի խնդրանք ներկայացնել նախորոք՝ նախքան իրենց լսման օրը, Դատարանի՝ Թարգմանչական ծառայության խնդրանքների համար նախատեսված առցանց դարպասի միջոցով (URL): Թեև դատարանն ամեն ինչ կանի Ձեր լսման օրն ու ժամին թարգմանչի ներկայություն ապահովելու համար, սակայն դատարանը չի երաշխավորում, որ նման ներկայություն անմիջապես հնարավոր կլինի ապահովել: Լեզվական մատչելիության ծառայություններին վերաբերող հարցերով խնդրում ենք դիմել LanguageAccess@LACOURT.org:

**关于小额索赔传译员申请门户的可用性通知**

在小额索赔庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译员服务。在举行小额索赔庭审的所有法庭中，均有现成的西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(URL)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACourt.org

**통역사 신청을 위한 소액 청구 웹 포털 이용 통지**

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(URL). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACourt.org.

**Aviso de disponibilidad del Portal web para Jurisdicción limitada civil para solicitar intérpretes**

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes (URL). La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACourt.org.

**Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên**

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (URL). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

August 5, 2016